UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT HINES, | ) | CASE NO. 1:10 CV 846 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KAREN FORD, *et al*., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Robert Hines filed the above-captioned action under 42 U.S.C. § 1983 against Ashland University Professor/Coordinator Karen Ford, Grafton Correctional Institution ("GCI") Corrections Officer Goodman, and GCI Captain Brown-Lee.  In the complaint, plaintiff alleges he was unfairly disciplined for fighting.  He seeks monetary damages.

## I.  Background

Mr. Hines alleges he was attacked by Inmate Easterling on March 13, 2009.  He indicates he was preparing to go for recreation in when Mr. Easterling made sexual advances towards him. He indicates he told Mr. Easterling he wasn't interested and continued on to the recreation area. He claims Mr. Easterling was very angry with the rejection.  Later as Mr. Hines was returning to his unit, he saw Mr. Easterling approaching quickly with a large rock in his hand.  As Mr.

Easterling swung the rock, Mr. Hines grabbed his arm and spun him into the fence.  The rock was dislodged from Mr. Easterling's hands.  Mr. Hines claims he used only the force necessary to defend himself from the attack.

Both inmates in the altercation were charged with a conduct violation.  Mr. Hines claims Officer Goodman was the first officer to approach after the attack.  He claimed to have witnessed the entire incident.  Nevertheless, both inmates were given conduct reports for fighting.  Mr. Hines received a Rules Infraction Board (RIB) hearing on March 24, 2009.  He claims he was given an opportunity to explain what happened and entered a plea of "not guilty."  Mr. Hines claims the proceeding conducted by Captain Brown-Lee was a "sham hearing."  (Compl. at 4.)  He was found guilty and sentenced to fifteen additional days in segregation with no credit being given for time served.

When Mr. Hines was released from segregation, he discovered that he was dropped from his college classes.  He claims his professor, Ms. Ford, told him that his absences from class while in disciplinary segregation were considered unexcused.  He was dropped from the program.  He claims he was denied due process and equal protection.  He also claims the Defendants violated his Eighth Amendment rights.

## II.  Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

    A. <u>Due Process</u>

The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  The question of what process is due is reached only if the inmate establishes the deprivation of a constitutionally protected liberty interest.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, alone, does not confer a liberty interest in freedom from state actions within the sentence imposed upon the inmate.  *Sandin*, 515 U.S. at 480.  "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485.  There is no general liberty interest in avoiding transfer to more adverse conditions of confinement.  *Wilkinson*, 545 U.S. at 221.  A prison disciplinary proceeding therefore does not give rise to a protected liberty interest unless the

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

restrictions imposed as a result of the hearing constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case. *Sandin*, 515 U.S. at 484. Assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement was considered to be "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," *Sandin*, 515 U.S. at 487. Similarly, the Sixth Circuit Court of Appeals has held a prisoner's designation as a member of a security threat group did not give rise to a liberty interest. *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir.2005).

There is no indication Mr. Hines was denied Due Process. He does not allege that he was sanctioned with the loss of good time credits. Moreover, he alleges he spent eleven (11) days in segregation awaiting his Rules Infraction Board hearing. He was sentenced to serve an addition fifteen (15) days for a total of twenty-six (26) days in segregation. Absent other allegations, Mr. Hines's confinement in segregation does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Mr. Hines also claims he was dropped from the college course he was taking at the prison. Prisoners, however, have no federally cognizable liberty interest in participating in vocational, rehabilitation, and educational programs while incarcerated. *See, e.g.*, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989) (no constitutional right to prison employment); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb.14, 2001) (prisoners have no constitutional right to

4

rehabilitation, education, or jobs); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb.10, 1998) (no constitutional right to educational classes); *Molina v. Wilkinson*, No. 96-3127, 1996 WL 678226, at *2 (6th Cir. Nov.21, 1996) (prisoner has no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) (no constitutional right to vocational or educational programs). Mr. Hines has no due process claim arising from his inability to participate in college courses.

### B.  Equal Protection

Mr. Hines also includes a claim for denial of equal protection.  In making an equal protection challenge, Mr. Hines bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated.  *City of Cleburne,Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clements v. Flashing*, 457 U.S. 957, 967 (1982).  He has not met this burden

There are no facts in the Complaint to support this claim.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard  *Id.*  Absent some factual allegations, this claim is states wholly as a legal conclusion which does not meet the requirements of Rule 8.

### C.  Eighth Amendment

Finally, Mr. Hines asserts that the Defendants violated his Eighth Amendment rights.  An

5

Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute serious health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).  Prisoners "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999).  Mr. Hines alleges he unfairly was placed in segregation for fighting, and was removed from his college class.  These are not the type of deprivations which trigger Eighth Amendment scrutiny.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/2/10*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

6